IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DIAMOND M. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:23cv434-MHT |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

This lawsuit began when plaintiff mailed a request for assistance with the court explaining that she had been assaulted by several inmates and that she wanted to file a lawsuit. The letter was construed as a complaint, and plaintiff was ordered to file an amended complaint. Though it was not clear that she wanted to file a constitutional claim, she was sent a form to file a complaint asserting a violation of constitutional rights, as is the typical practice in this court. She filed an amended complaint and attached to it a letter explaining that she wanted to bring a civil tort claim against her attackers for

assault, and that she wanted to hold the Department of Corrections liable for its part in the incident, mentioning the Fourteenth Amendment. *See* Attachment (Doc. 30-1). Thus, she made clear that she was pursuing both a state-law tort claim and a claim under 42 U.S.C. § 1983.

This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed as frivolous and/or for failure to state claim. However, the recommendation does not recognize that plaintiff was attempting to assert claims under state law against the prisoners who attacked her. Plaintiff did not submit any objections to the recommendation. Indeed, the recommendation was returned to the court marked undeliverable and unable to forward.

Based on the Department's website, it appears that plaintiff is no longer in the custody of the Department of Corrections. The magistrate judge entered an order at the beginning of the case notifying plaintiff that

she "must immediately inform the court and Defendants (or Defendants' counsel) of any change in [her] address, *i.e.*, if she is transferred to a new correctional institution or released from confinement. Such notice should be provided no later than ten days from the date of any address change." Order (Doc. 2) at 1-2. The order further warned the plaintiff that "failure to comply with the order will result in a recommendation that the case be dismissed in its entirety." *Id*. at 2.

It has now been more than ten days since plaintiff's change in address, and she has not notified the court of her new address.* It has long been established that a court has the authority to impose sanctions for failure to prosecute or obey an order, a rule which is reflected in Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*,

---

* The report and recommendation were mailed to her in March 2024 and returned to the court as undeliverable in May 2024. *See* Docket (3/12/2024 and 5/20/2024 entries.)

370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that generally, when a litigant has been given advance warning, dismissal for failing to comply with a court order is not an abuse of discretion). Accordingly, in lieu of adopting the recommendation of the magistrate judge, the court will dismiss this case for failure to follow a court order.

An appropriate judgment will be entered.

DONE, this the 28th day of June, 2024.

                                                /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**